DAUKSCH, Judge,
dissenting:
I must respectfully dissent. Appellant was charged with attempted possession of heroin and attempted delivery of heroin. The evidence upon which he was convicted was that an undercover agent gave the appellant twenty dollars to buy either one or two “bags” of “stuff”. The undercover agent was qualified as an “expert in narcotics street language” and was allowed to interpret “bag” to mean tinfoil packet and “stuff” to mean heroin. When the agent took the appellant to a house appellant left the agent’s car and went to the house and returned, declaring no one was home.
Upon this evidence the appellant was convicted. It is legally insufficient. There is a lack of legally substantial proof that the defendant knew that bag meant tinfoil packet and stuff meant heroin. Even if that was proved the evidence does not meet the standard Judge Cross said was required in Groneau v. State of Florida, 201 So.2d 599 (Fla. 4th DCA 1967) in order to convict a person of an attempt.
*64 This case should be reversed and the appellant discharged.